IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAMRIE WELLS,<br>a/k/a KAMRIE MAE ARMAJO;<br>DARRYL SHANE GRADY,<br>a/k/a "BUGGY;" and<br>NATHANIEL PRESTON SMITH | I N D I C T M E N T<br><br>Case No. _____<br><br>Violation:  18 U.S.C. § 2; and 21 U.S.C.<br>§§ 841(a)(1), 841(b)(1)(C), and 846 |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone**

The Grand Jury Charges:

Beginning in or about 2016 and continuing until the date of this Indictment, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAE ARMAJO;
DARRYL SHANE GRADY, a/k/a "BUGGY;" and
NATHANIEL PRESTON SMITH

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute prescription pills containing a detectable amount of oxycodone, a Schedule II controlled substance, in New Town, North Dakota, within the exterior boundaries of the Fort Berthold Indian Reservation, and elsewhere;

2. It was a further part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was a further part of said conspiracy that the defendants and others utilized United States currency in their drug trafficking activities;

4. It was a further part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances;

5. It was a further part of said conspiracy that one or more conspirators allowed distributors of prescription pills containing oxycodone to utilize their residences in New Town, North Dakota, and elsewhere, to possess, store, conceal, and distribute those substances;

6. It was a further part of said conspiracy that one or more conspirators traveled between New Town and Minot, North Dakota, and elsewhere, to

       obtain and acquire prescription pills containing oxycodone for distribution; and,

7.      It was a further part of said conspiracy that one or more conspirators collected money from other persons to purchase prescription pills containing oxycodone;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

### Distribution of Oxycodone

The Grand Jury Further Charges:

On or about November 9, 2016, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAEL ARMAJO, and
DARRY SHANE GRADY, a/k/a "BUGGY,"

individually and by aiding and abetting, knowingly and intentionally distributed ten (10) prescription pills containing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE

### Distribution of Oxycodone

The Grand Jury Further Charges:

On or about November 9, 2016, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAE ARMAJO,

individually and by aiding and abetting, knowingly and intentionally distributed two (2) prescription pills containing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Distribution of Oxycodone**

The Grand Jury Further Charges:

On or about November 10, 2016, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAEL ARMAJO,

individually and by aiding and abetting, knowingly and intentionally distributed four (4) prescription pills containing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Distribution of Oxycodone

The Grand Jury Further Charges:

On or about November 15, 2016, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAEL ARMAJO, and
DARRY SHANE GRADY, a/k/a "BUGGY,"

individually and by aiding and abetting, knowingly and intentionally distributed six (6) prescription pills containing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

**Distribution of Oxycodone**

The Grand Jury Further Charges:

On or about December 15, 2016, in the District of North Dakota, and elsewhere,

KAMRIE WELLS, a/k/a KAMRIE MAEL ARMAJO, and
DARRY SHANE GRADY, a/k/a "BUGGY,"

individually and by aiding and abetting, knowingly and intentionally distributed six (6) prescription pills containing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

RLV/rab