IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| Kamrie Wells, | ) | Case # 1:17-CR-00010-DLH-1 |
| | ) | |
| Defendant. | ) | |
| | ) | |

[¶1]  The Defendant, Kamrie Wells, by and through her attorney of record, Jeremy J. Curran, hereby submits this Sentencing Memorandum for the Court's review.  The Defendant respectfully requests a downward deviation to the Sentencing Guidelines that is sufficient to deter future criminal actions, but not greater than is necessary under the circumstances of this case.

[¶2]  The parties agreed and stipulated to the sentencing level in the above-captioned case. Defendant's sentencing level was agreed to be at twenty-one (21).  Based upon this level, the Defendant's sentence would be thirty-seven (37) to forty-six (46) months of incarceration.  At this time, Defendant requests that she not be sentenced to any term of imprisonment in this case and, instead, is sentenced to probation for length of time at the Court's discretion.  Defendant makes this request for the reasons set forth below.

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE, AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT, JUSTIFY THE DOWNWARD DEVIATION REQUESTED**

[¶3]  The circumstances of the offense in the above-captioned case, as explained by Ms. Wells at her change of plea hearing and in her presentence investigation interview, demonstrate that this was not the act of a person who will likely be a long-time criminal.  Additionally, her past does

not indicate that she is likely to maintain a criminal lifestyle in the future.  These were the actions of an addict seeking to fuel her addiction.  Ms. Wells has accepted responsibility for her crime, and acknowledges her wrongdoing, but the reasoning for that wrongdoing is familiar.

[¶4]    Ms. Wells has maintained that the underlying reason for her being caught up in this case is that she was an addict.  Her addiction caused her to lose previous jobs and cost her a marriage.  However, as is often the case in circumstances like this, she was unable to get away from her addiction, even with all of the other issues that came with it.  As a result of her addiction, Ms. Wells began to sell pills.  She has accepted responsibility for that.  As is also often the case, some people saw her downward spiral as an opportunity and took advantage of that.  She was asked to sell for others and, in return, she received a small amount of money and pills for her own personal use.  Ms. Wells took that opportunity and ran with it, to a point that even when warned that she was being monitored by Federal Agents, she continued down that same path.

[¶5]    At this time, it seems that Ms. Wells is not likely to reoffend.  Her original offense can be traced directly to her addiction.  Since this case was commenced she has actively taken steps to move past her addiction.  She received treatment, resided at Hope Manor, and, after that, returned to New Town, North Dakota to reside with her daughters and her mother.  Ms. Wells children, now, are a large point of motivation for her to continue in her sobriety and having them back with her provides that motivation every day.  She is also regularly attending Alcoholics Anonymous, Narcotics Anonymous, and Women's Sweat Lodges.  She goes to Women's Talking Circles where she receives support from other, former drug addicts and helps to provide support for others who attend as well.  She has found employment and currently is working two (2) jobs and is hopeful that she can return to school and get a degree.  Ms. Wells is actively seeking to put this case and her addiction behind her and is doing well.

[¶6] Ms. Wells does acknowledge that, unfortunately like many addicts, she has slipped. As indicated in the presentence investigation report, Ms. Wells has had three (3) incidents when she relapsed, once while residing at Hope Manon, once on November 16, 2017, and in August, 2017. Unfortunately, it is not an uncommon thing for an addict to suffer a relapse, however, Ms. Wells does not appear to be returning to her prior use. At the time of her arrest, she was a daily user of prescription pills. To have three (3) instances over a lengthy period of time does not indicate that she is returning to her past behavior but, rather, that she is an addict and, like many addicts, is struggling to move past her addiction.

[¶7] To sentence Ms. Wells to be incarcerated would be detrimental to the steps she has already taken, and it is her position that being supervised through probation would serve to adequately deter any future misconduct. Were she to be incarcerated, she would risk her children having to reside somewhere else, she would not have access to her usual meetings, sweat lodges, and prayer circles that have been incredibly helpful to her, and she would likely lose her employment. Ultimately, Ms. Wells has moved towards, and continues moving towards, recovery from her addiction and sentencing her to be incarcerated would be greater than is necessary to deter future, similar conduct.

## THE DEFENDANT HAS TWO (2) YOUNG CHILDREN, AND BOTH ARE CURRENLTY RESIDING WITH HER

[¶8] Ms. Wells has two (2) young children, ages nine (9) and three (3). Both of her children are currently residing with her and she is their main caregiver and provider. She has spent a considerable amount of time away from her children while this case has played out. She was in treatment, and then resided at Hope Manor in Bismarck, North Dakota. Since she has moved back to New Town, North Dakota, she has taken both of her daughters and all indications are that

everything is going well. She has been able to care for her children and been able to begin to provide them with a sense of normalcy and stability in their lives.

[¶9] To incarcerate Ms. Wells, now, would have a severely detrimental impact, not only on her, but on her two (2) young children. It is possible that they would be forced to move from the home where they are currently residing with Ms. Wells and her mother, Lila Wells, who has written a letter in support of her daughter and this recommendation which has been filed with the Court.

[¶10] It is Ms. Wells' position that any term of incarceration would be detrimental to the welfare of her children. They are currently in a stable home and are adapting well to being reunited with their mother. To disrupt that would require them to move, separate the family, and be significantly detrimental, not only to the Defendant, but to the children as well.

## CONCLUSION

[¶11] For the foregoing reasons, the Defendant respectfully requests that the Court impose a sentence below the sentencing range established in this case, specifically, that the Defendant not be sentenced to any period of incarceration and, instead, be sentenced to serve a term of probation at the Court's discretion.

**Dated this 11th day of January, 2018.**

JEREMY J. CURRAN
ATTORNEY FOR DEFENDANT
P.O. Box 1933
Watford City, ND 58854
Phone: (701) 609-1510
Email: Jeremy@Sandlawnd.com

By_____
Jeremy J. Curran, Attorney at Law
N.D. Bar ID #07841